It was the opinion of a majority of
The Court,
that Watkins was not answerable on this memorandum. The delivery to him .was for a special purpose, namely, to hold them to satisfy his action and to indemnify the officer against Darling. These objects have been both fulfilled. The action is settled. Watkins makes no claim on the officer for the goods; and Darling makes none, — he has got the goods. They were taken for a special purpose, and that purpose is answered. The meaning *51 of tbe defendant’s engagement to the officer is no more tban this: “ On jour attachment, I can look to you for these goods; you can detain them against Darling till this suit is settled, or till I discharge them.” “ I have received the goods; I will not look to you, and I will see them forthcoming if Darling looks to you for them.” (a)
What took place on the 17th December, when the officer attached these goods at the suit of Bellows, cannot enlarge the defendant’s previous engagement to the plaintiff. To make himself secure, the officer should then have exacted a promise from defendant, that he would hold the goods to answer that suit as well as his own. The mere act of attaching the goods in the hands of Watkins imposed no obligation on Watkins to keep them safe.[1] An officer cannot, at his own will merely, impose such an obligation. Here was no consent of the defendant to contract any new engagement. If he had been summoned by Bellows as trustee, then he could not have safely delivered up the goods to Darling. Watkins was guilty of no breach of trust or promise [in] not suffering French to take the goods on the 17th December, when French attached at the suit of Bellows, because his own debt was not then settled. He was guilty of no such breach when the demand was made, because his engagement, made Dec. 11, 1799, was fulfilled by delivery to Darling on settlement of the action. He engaged to see the goods forthcoming; that is, ready for the person entitled to demand them. If the suit had not been settled, and he had directed the officer to levy on them, they must be produced to the officer. If the suit was compromised, or the judgment otherwise satisfied, or no levy made in thirty days, then his engagement was to see them forthcoming, ready to be delivered to the debtor.
The plaintiff became nonsuit.[2]

 Buel v. Metcalfe, in error, Kirby, 40. On promise in writing to redeliver to plaintiff, an officer, goods attached on mesne process, on demand. Plea: no demand till expiration of sixty days, then restored them to original owner. Demurrer. Plea good, &c.

 As to the liability of the officer to the second attaching creditor, see Chapman v. Bellows, reported post.

 In Whitney v. Farwell, 1838, 10 N. H. 9, 13, 14, Parker, C. J., *52 said that, while the receiptor retains actual possession, the sheriff may make a second attachment, without again seizing the property, by making a return of an attachment, and giving the receiptor notice, with directions to hold the property to answer upon the second attachment also; if the receiptor is unwilling to incur farther responsibility, he may, upon such notice, decline to hold the property for the security of any demand, except that upon which it was first attached, and return it to the custody of the sheriff.
In Tomlinson v. Collins, 1850, 20 Conn. 364, it was held, that, where an officer has placed attached property in the creditor’s possession, to keep for him, a second attachment in fact (not a mere constructive attachment) is valid, although the bailee is not notified of the second attachment. See also Brainard v. Bushnell, 1835, 11 Conn. 16.
Waterman v. Treat, 1860, 49 Me. 309, is not in point; because the Court regarded the first attachment as dissolved upon the delivery of the goods to the receiptor upon the form of receipt there given.
In Chittenden v. Rogers, 1866, 42 Ill. 100, it was said that, to make a valid attachment or levy on personal property, which has been already seized on process and placed in the hands of the official “ custodian ” in Chicago, the officer should go to the custodian, and there, in sight of the property, make a levy and indorse it on the writ, and notify the custodian of his act.
As to the rules of construction applicable to receipts for attached prop erty, see Doe, J., in Spear v. Hill, 1872, 52 N. H. 323, 327, 330.